# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LEON HENDERSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-13-168-M |
| | ) |
| **CAROLYN W. COLVIN, Acting** | ) |
| **Commissioner of the Social** | ) |
| **Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

Plaintiff Leon Henderson brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's application for supplemental security income ("SSI") under the Social Security Act. Chief United States District Judge Vicki Miles-LaGrange has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b). Upon careful review of the record,[1] the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, it is recommended that the decision of the Commissioner be REVERSED and REMANDED.

## PROCEDURAL HISTORY

Plaintiff protectively filed an application for SSI on June 16, 2009. *Id.* at 168-73, 193. Following administrative denial, initially and upon reconsideration, of Plaintiff's

---

[1] References to the administrative record, Doc. No. 11, are as "R. ___."

application, a hearing was held before an Administrate Law Judge ("ALJ") on November 8, 2010. *Id.* at 70, 72, 52-69. Subsequently, the application was reassigned to a different ALJ and a second hearing was held on July 5, 2011. *Id.* at 32-51. The successor ALJ issued an unfavorable decision on August 26, 2011. *Id.* at 15-31. Plaintiff's request for review by the SSA Appeals Council was denied; thus, the decision of the ALJ is the final decision of the Commissioner. *Id.* at 1-6; *see* 20 C.F.R. § 416.1481.

## THE ADMINISTRATIVE DECISION

The Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (summarizing steps); 20 C.F.R. § 416.920. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 18, 2009. R. 20. At step two, the ALJ determined that Plaintiff had the following severe impairments: back disorder, status post left shoulder injury, hypertension, and affective mood disorder. *Id.* At step three, the ALJ determined that Plaintiff's condition did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Pt. 404, Subpart P, Appendix 1 (the "Listings"). *Id.* at 20-22.

The ALJ assessed Plaintiff's residual functional capacity ("RFC") based on all of his impairments. *Id.* at 22-24. The ALJ found:

> [T]he claimant has the [RFC] to perform light work as defined in 20 CFR 416.967(b), except [he] can only sit for six hours during [a] workday and stand/walk for six hours in an eight hour workday. The claimant can only occasionally climb, balance, stoop, kneel, crouch, and crawl. The claimant can only occasionally reach overhead. The claimant can understand, remember, and carry out simple, routine, and repetitive tasks. The claimant can respond appropriately to supervisors, coworkers, and usual work

situations, but have no contact with the general public. The claimant can perform low stress work (defined as vocational decision-making and occasional changes in workplace settings).

*Id.* at 22. Based on the RFC assessment, the ALJ determined at step four that Plaintiff was unable to perform his past relevant work of janitor, waiter, or potato sacker. *Id.* at 25.

At step five, the ALJ considered whether there are jobs existing in significant numbers in the national economy that Plaintiff – in view of his age, education, work experience, and RFC – could perform. *Id.* at 25-26. Taking into consideration the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform occupations offering a significant number of jobs in the national economy, including bottling line attendant, electrical accessory assembler, and fruit cutter. *Id.*

The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act during the relevant time period. *Id.* at 26. Accordingly, Plaintiff's application for SSI was denied. *Id.*

STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270

(10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence that may undercut or detract from the administrative law judge's findings, to determine if the substantiality test has been met. *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

## ISSUES PRESENTED ON APPEAL

Plaintiff contends the ALJ failed to properly evaluate the opinion of Haisam Al-Khouri, M.D., who he asserts was a treating psychiatrist. Pl.'s Br., Doc. No. 15, at 7-10.

## ANALYSIS

On October 20, 2010, according to the fax transmission stamp on the document, Plaintiff submitted to the SSA a completed form stating he recently had received medical treatment from Dr. Al-Khouri and from Sue Rollins, APRN, who shared the same address at "Hope" in Oklahoma City, Oklahoma. R. 252 (Form HA-4631). Then on May 10, 2011, according to the document's fax transmission stamp, Plaintiff submitted to the SSA another completed form, again stating he recently had received medical treatment from Dr. Al-Khouri and Nurse Rollins. R. 258 (Form HA-4631). On that same date, Plaintiff also submitted a completed form stating he was currently taking several medications (Cymbalta, Seroquel, Trazodone, and Klonopin) that had been prescribed by Dr. Al-

4

Khouri and Nurse Rollins for treatment of symptoms of his mental health issues. *Id.* at 257 (Form HA-4632). Plaintiff stated that the Cymbalta, Seroquel, and Trazodone were first prescribed by Dr. Al-Khouri on December 21, 2010. *Id.*[2] At the July 5, 2011, hearing before the ALJ, Plaintiff, through his attorney, asserted that he was being treated for mental health issues at Hope Community Center, where "Dr. [Al-Khouri] is his treating physician." *Id.* at 36.

The record contains a Psychological Medical Assessment Questionnaire, completed by Dr. Al-Khouri and dated November 10, 2010. *Id.* at 255-56. Dr. Al-Khouri states that he first treated Plaintiff on January 19, 2010 and last examined him on the date of the Questionnaire. *Id.* at 255. Dr. Al-Khouri lists a diagnosis of (1) bipolar disorder type one mixed with psychotic features, and (2) post-traumatic stress disorder. *Id.* Dr. Al-Khouri opines that Plaintiff suffers from a variety of depressive and manic symptoms, which result in, among other things, marked functional limitations in the areas of: activities of daily living; maintaining social functioning; and maintaining concentration, persistence, or pace. *Id.* at 255-56. The transmission information printed on the document indicates that this Questionnaire was faxed to the SSA on November 15, 2010. *Id.*

The ALJ, in his decision, did not mention, much less articulate findings regarding, Dr. Al-Khouri's opinion as stated in the Questionnaire, including in the ALJ's determination of whether Plaintiff met or equaled any of the presumptively disabling

---

[2] Although he omits the information from Form HA-4632, Plaintiff previously had stated to the SSA that he was first prescribed Klonopin on June 24, 2010, by Nurse Rollins. R. 253, 257.

impairments in the Listings or in the ALJ's assessment of Plaintiff's RFC.[3] The Commissioner acknowledges that "[t]he ALJ did not mention [Dr. Al-Khouri's] assessment form in his decision," but argues this was harmless error. Def.'s Br., Doc. No. 16, at 6. Specifically, the Commissioner asserts that Dr. Al-Khouri was not shown by Plaintiff to have been a treating source, and, in any event, the ALJ, based on other evidence in the record, would have been entitled to reject Dr. Al-Khouri's opinion. *Id.* at 6-14.

SSA regulations distinguish among various types of "acceptable medical sources." *See* 20 C.F.R. §§ 416.902, -.913(a). Generally, the highest weight is given to the opinion of a "treating source," which includes a physician or psychologist who has "provided [the claimant] with medical treatment or evaluation" during a current or past "ongoing treatment relationship" with the claimant. *Id.* § 416.902. The opinion of a "nontreating source" – which includes a physician or psychologist who has examined the claimant, but does not have a current or past "ongoing treatment relationship" with the claimant – must be considered, but generally is not given as much weight as that of a treating source. *Id.*; 20 C.F.R. § 416.927(c) ("Regardless of its source, we will evaluate every medical opinion we receive.").

It has long been the rule of the Commissioner and in this circuit that, if an ALJ determines that a treating source's opinion should be given less than controlling weight, the ALJ must *articulate* the weight given to the opinion and the reasons for that weight. *See*

---

[3] In his description of Plaintiff's medical history, the ALJ noted that "[i]n December 2010, the claimant was being treated for depression," and that corresponding medications were prescribed to him. R. 24. The ALJ, however, did not refer to Dr. Al-Khouri or in any way address Dr. Al-Khouri's opinion as stated in his Questionnaire.

6

SSR 96–2p, 1996 WL 374188, at *2 (July 2, 1996); 20 C.F.R. § 416.927(c)(2); *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). For a nontreating source, the ALJ is required "to consider" the opinion evidence and, if the ALJ rejects it, "to provide specific legitimate reasons for rejecting it." *Doyal*, 331 F.3d at 764; *see also Victory v. Barnhart*, 121 F. App'x 819, 825 (10th Cir. 2005); 20 C.F.R. § 416.927(c)(2); SSR 96–5p, 1996 WL 374183.

Regardless of whether Dr. Al-Khouri was a treating source or a nontreating source, the ALJ was required to consider Dr. Al-Khouri's opinion and, to the extent the ALJ rejected it, articulate his reasons. The ALJ's failure to even mention Dr. Al-Khouri's opinion is a legal error that should have been conceded by the Commissioner, and remedied, long ago. The Commissioner's argument that the error may be excused through findings of fact beyond those fairly discernible from the ALJ's decision is unavailing. *See Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) (holding a reviewing court "may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision").

## RECOMMENDATION

Having reviewed the record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge recommends that the decision of the Commissioner be REVERSED and REMANDED for further proceedings consistent with this opinion.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file written objections to this Report and Recommendation in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections must be filed with the Clerk of this Court by March 21, 2014. The parties further are advised that failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this case.

ENTERED on this 7th day of March, 2014.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE